**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| v. | Case No. 1:25-cv-01734 (CJN) |
| KEYSIGHT TECHNOLOGIES, INC. | |
| and | |
| SPIRENT COMMUNICATIONS PLC, | |
| *Defendants*. | |

**UNITED STATES' UNOPPOSED MOTION AND MEMORANDUM
<u>IN SUPPORT OF ENTRY OF FINAL JUDGMENT</u>**

Pursuant to Section 2(b) of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("APPA"), the United States of America ("United States") moves the Court to enter the proposed Final Judgment filed in this civil antitrust proceeding on June 2, 2025 (Dkt. No. 2) (attached as Exhibit A).

The proposed Final Judgment may be entered at this time without further proceedings if the Court determines that entry is in the public interest. 15 U.S.C. § 16(e). The Competitive Impact Statement ("CIS") filed in this matter on June 2, 2025 (Dkt. No. 3) explains why entry of the proposed Final Judgment is in the public interest. The United States is also filing a Certificate of Compliance (attached as Exhibit B) showing that the parties have complied with all applicable provisions of the APPA and certifying that the United States has satisfied the 60-day statutory public comment period requirement.

1

## I.    BACKGROUND

On June 2, 2025, the United States filed a civil antitrust Complaint seeking to enjoin the proposed acquisition of Spirent Communications plc ("Spirent") by Keysight Technologies, Inc. ("Keysight"). The Complaint alleges that the likely effect of this acquisition would be to substantially lessen competition in the markets for the design, manufacture, and sale of high-speed ethernet testing equipment, network security testing equipment, and radio-frequency channel emulators in the United States in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. This loss of competition likely would result in higher prices; lower quality products, support, and service; and less innovation.

At the same time the Complaint was filed, the United States also filed a proposed Final Judgment, an Asset Preservation and Hold Separate Stipulation and Order ("Stipulation and Order"), and a CIS describing the events giving rise to the alleged violation and the proposed Final Judgment. The Stipulation and Order, which was agreed to by the parties, and which was entered by the Court on June 20, 2025 (Dkt. No. 17), provides that the proposed Final Judgment may be entered by the Court once the requirements of the APPA have been met. The proposed Final Judgment requires Defendants to agree to make a divestiture and to undertake certain actions related to the divestiture to remedy the loss of competition alleged in the Complaint. Entry of the proposed Final Judgment will terminate this action, except that the Court will retain jurisdiction to construe, modify, or enforce the provisions of the Final Judgment and to punish violations thereof.

## II.    COMPLIANCE WITH THE APPA

The Certificate of Compliance filed with this Motion and Memorandum states that all the requirements of the APPA have been satisfied. In particular, the APPA requires a period of at least

60 days for the submission of written comments relating to the proposed Final Judgment. 15 U.S.C. § 16(b). In compliance with the APPA, the United States filed the proposed Final Judgment and the CIS with the Court on June 2, 2025; published the proposed Final Judgment and CIS in the *Federal Register* on June 12, 2025 (*see* 90 Fed. Reg. 24870 (2025)); and caused a summary of the terms of the proposed Final Judgment and the CIS, along with directions for the submission of written comments, to be published in *The Washington Post* for seven days during the period June 6 to June 12, 2025. The United States did not receive any comments.

## III.    STANDARD OF JUDICIAL REVIEW

Before entering the proposed Final Judgment, the APPA requires the Court to determine whether the proposed Final Judgment "is in the public interest." 15 U.S.C. § 16(e)(1). In making that determination, the Court, in accordance with the statute as amended in 2004, "shall consider":

(A)    the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and

(B)    the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e)(1)(A), (B). Section 16(e)(2) of the APPA states that "[n]othing in this section shall be construed to require the court to conduct an evidentiary hearing or to require the court to permit anyone to intervene." 15 U.S.C. § 16(e)(2). In its CIS, the United States explained the meaning and the proper application of the public interest standard under the APPA to this case and now incorporates those statements by reference.

3

**IV.     ENTRY OF THE PROPOSED FINAL JUDGEMENT IS IN THE PUBLIC INTEREST**

The United States alleged in its Complaint that the acquisition of Spirent by Keysight would substantially lessen competition in the United States for the design, manufacture, and sale of high-speed ethernet testing equipment, network security testing equipment, and radio-frequency channel emulators in violation of Section 7 of the Clayton Act. As explained in the CIS, the proposed Final Judgment is designed to eliminate the likely anticompetitive effects of the acquisition alleged by the United States by requiring Defendants to agree to make a divestiture and to undertake certain actions related to the divestiture to remedy the loss of competition alleged in the Complaint. The public, including affected competitors and customers, has had the opportunity to comment on the proposed Final Judgment, and no comments were submitted. As explained in the CIS, entry of the proposed Final Judgment is in the public interest.

## V.      CONCLUSION

For the reasons set forth in this Motion and Memorandum and in the CIS, the United States respectfully requests that the Court find that the proposed Final Judgment is in the public interest and enter the proposed Final Judgment.


Dated: August 22, 2025

Respectfully submitted,

/s/ CARL WILLNER
Carl Willner (D.C. Bar #412841)
Carmel Arikat (D.C. Bar #1018208)
Curtis Strong (D.C. Bar #1005093)
U.S. Department of Justice
Antitrust Division
Media, Entertainment, and Communications Section
450 Fifth St. NW, Suite 7000
Washington, DC 20530
Telephone: 202-514-5813

COUNSEL FOR PLAINTIFF
UNITED STATES OF AMERICA